# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAGARUYKA & ASSOCIATES, | ) |
| | ) |
|     Plaintiff/Counterdefendant, | ) |
| | ) |
| v. | )    Case No. CIV-18-697-G |
| | ) |
| HEALTHSMART BENEFIT SOLUTIONS INC. d/b/a HEALTHSMART, | ) |
| | ) |
|     Defendant/Counterplaintiff, | ) |
| | ) |
| CAROL PROCTOR, | ) |
| | ) |
|     Counterdefendant. | ) |

## **ORDER**

Now before the Court is Defendant HealthSmart Benefit Solutions Inc.,'s ("HealthSmart") Motion for Judgment on the Pleadings to Dismiss the Complaint (Doc. No. 29). Citing Federal Rule of Civil Procedure 12(c), Defendant moves for a judgment in its favor on all claims asserted in the First Amended Complaint for failure to state a plausible claim.[1] Plaintiff has not responded. For the reasons stated below, the Court finds Defendant's motion should be granted.

---

[1] HealthSmart has asserted various counterclaims against Plaintiff and another individual, which are not at issue in its Motion. Def.'s Mot. ¶ 3; *see* Second Am. Answer & First Am. Counterclaim (Doc. No. 20).

SUMMARY OF THE PLEADINGS[2]

Plaintiff Zagaruyka & Associates ("Zagaruyka") is a sole proprietorship recruiting firm owned and operated by Ashley Zagaruyka. Compl. ¶ 1 (Doc. No. 1-2).[3] Plaintiff entered into a contract with HealthSmart to recruit qualified employee candidates for a nonrefundable retainer fee. *Id.* ¶¶ 1, 10, 11. The contract provided that the retainer fee would be nonrefundable if Plaintiff "presented at least two qualified candidates within 60 days following the date the search was begun, but [HealthSmart] fill[ed] the positions 'through its own efforts or through another source.'" *Id.* ¶ 11 (quoting unidentified contract). The full retainer would be "due within ten (10) working days" if HealthSmart eliminated the employment position for which Plaintiff had commenced a search for candidates. *Id.* ¶ 12 (quoting unidentified contract). However, the contract provided a guarantee that if a candidate recruited by Plaintiff and hired by HealthSmart was "terminated for any reason within thirty (30) days [of] the date the candidate commen[ced]" employment, Plaintiff would replace the candidate at no additional charge. *Id.* ¶ 13 (quoting unidentified contract).

Over the course of the contractual relationship, HealthSmart expanded Zagaruyka's role to include human-resource consulting, change-management training, and employee-

---

[2] In the background narrative, the Court has assumed the truthfulness of all well-pleaded facts in the Complaint and draws all reasonable inferences therefrom in the light most favorable to Plaintiff. *See W. Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 12228 (10th Cir. 2012).

[3] Plaintiff's action was timely removed from state court; accordingly, the Court will use federal nomenclature when addressing the pleadings.

reference verification, and "ask[ed] that Plaintiff put its requests for services before the requests" of Plaintiff's other clients. *Id.* ¶¶ 17, 18. Plaintiff states HealthSmart exerted "behavioral and financial control" over its operation in that: (1) HealthSmart employees had "supervisory responsibility over Plaintiff and directed her work in furtherance of [HealthSmart]'s business operations"; (2) "Plaintiff was required to comply with [HealthSmart]'s instructions in terms of written and unwritten policies, procedures, and directives"; and (3) HealthSmart had a "high degree of control over Plaintiff's work." *Id.* ¶¶ 30. Plaintiff further asserts that HealthSmart "was significantly dependent on" its services and "prevented Plaintiff from providing services to others." *Id.* ¶ 31. Finally, Plaintiff alleges it "was required to pay a portion of HealthSmart's operating expenses." *Id.*

As a result of HealthSmart's increased demands and "control over the terms and conditions of the employment arrangements," Plaintiff alleges Zagaruyka lost its other clients, "lost [its] status [as] an independent contractor," "and became an employee of [HealthSmart]" within the meaning of the Fair Labor Standards Act ("FLSA") and the State of Oklahoma's Protection of Labor Act, Okla. Stat. tit. 40, §§ 165.1 et seq. Compl. ¶¶ 6, 19, 30, 32, 36. Plaintiff also states that during the course of Zagaruyka's relationship with HealthSmart, HealthSmart deviated from the payment terms of the contract and failed to pay for its services. *Id.* ¶ 20, 22, 27. HealthSmart terminated its relationship with Plaintiff in an email dated August 2, 2017. *Id.* ¶ 21.

Plaintiff asserts claims for: (1) a declaratory judgment that Zagaruyka was an employee of HealthSmart and is entitled to the rights and benefits of employment pursuant

3

to the laws of the United States and the State of Oklahoma; (2) violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Oklahoma Protection of Labor Act, Okla. Stat. tit. 40, §§ 160 et seq., and the Oklahoma Minimum Wage Act, *id.* tit. 40, §§ 197.1 et seq.; and (3) bad faith breach of contract. Compl. ¶¶ 39, 49, 54-55.

HealthSmart moves for judgment on the pleadings on the following grounds: (1) Plaintiff relies on vague, generalized, and conclusory assertions to establish employee status; (2) Plaintiff fails to state facts indicating alleged overtime calculations; (3) there is no Oklahoma statute requiring that overtime compensation be paid to private employees; (4) as a business owner Zagaruyka is not entitled to the protections of the Oklahoma Labor Protection Act or Oklahoma Minimum Wage Act; and (5) there is no claim for bad faith breach of contract outside the context of insurance. *See* Def.'s Mot. ¶¶ 14, 15, 16, 18.

## STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions under Rule 12(c) and Rule 12(b)(6) are governed by the same standard. *See Colony Ins. Co.*, 698 F.3d at 1228; *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). Therefore, "[a] motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

Plaintiff failed to respond to HealthSmart's Motion or to seek an extension of time to respond. Local Civil Rule 7.1(g) provides that "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." However, "a district

4

court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA,* 354 F.3d 1174, 1178 (10th Cir. 2003) (alteration in original) (quoting *Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir. 2002)). "[I]t is well established that a 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 1177-78 (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991)). Thus, the Court "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted," despite Plaintiff's failure to respond to the Motion. *Id.* at 1178.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008).[4] Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support

---

[4] Although Plaintiff's action was initiated in state court, the Federal Rules of Civil Procedure and the U.S. Supreme Court's standards in *Twombly*, *Iqbal*, and their progeny govern the sufficiency of her claims. *See* Fed. R. Civ. P. 81(c)(1); *McKnight v. Linn Operating, Inc.*, No. CIV-10-30-R, 2010 WL 9039794, at *1 (W.D. Okla. Apr. 1, 2010).

5

for *these* claims." *Robbins*, 519 F.3d at 1247 (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"We accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co.*, 698 F.3d at 1228 (alteration and internal quotation marks omitted); *see also Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 530 (10th Cir. 2016); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). Examining the factual allegations in this manner, a Rule 12(c) motion should be granted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony Ins. Co.*, 698 F.3d at 1228 (internal quotation marks omitted); *Sprint Nextel Corp.*, 822 F.3d at 530; *Sanders*, 689 F.3d at 1141.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679; *see Robbins*, 519 F.3d at 1248 (stating that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context"). The Tenth Circuit has held that the *Iqbal*/*Twombly* pleading standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which

the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation marks omitted). "[S]pecific facts are not necessary"; the pleader's allegations need only provide the defendant "fair notice of what the claim is and the grounds upon which it rests." *Id*. at 1192 (omission and internal quotation marks omitted). "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden." *Id.* (internal quotation marks omitted).

## DISCUSSION

### I. *Claims Based on Employee Status*

To determine whether Plaintiff has stated claims for declaratory judgment and violation of federal and state labor and wage acts, the Court must evaluate whether Plaintiff has adequately pled facts to plausibly show that Zagaruyka is an employee of HealthSmart rather than an independent contractor. *See Coen v. SemGroup Energy Partners G.P., LLC*, 310 P.3d 657, 662 (Okla. Civ. App. 2013) (stating that to establish a wage claim under the Oklahoma Protection of Labor Act, the plaintiff has the burden of demonstrating an employer-employee relationship existed); *Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 F. App'x 805, 808 (10th Cir. 2012) (citing 29 U.S.C. § 207(a) in stating that "[t]he FLSA requires overtime pay of time and a half of regular pay for an employee" and the plaintiff bears the burden to demonstrate he or she is entitled to the protection of the FLSA); Okla. Stat. tit. 40, § 165.9(A) (stating that an "[a]ction by an employee to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction by any one or more employees"); *id.* tit. 40, § 197.5 (stating every employer shall pay a specified minimum wage "to each of his employees").

7

HealthSmart contends that neither the terms of the contract nor the application of the "economic realities" test establishes that Zagaruyka was an employee of HealthSmart. Def.'s Mot. ¶¶ 9, 10, 12. HealthSmart attaches what it represents is the only contract between itself and Plaintiff.[5] *See* Contract (Doc. No. 29-1). In support of Zagaruyka's status as an employee, Plaintiff relies on the definition of "independent contractor" stated in *Page v. Hardy*, 334 P.2d 782, 784 (Okla. 1959), and the "economic realities test" applied in FLSA cases.

The Court agrees with HealthSmart that the Contract between the parties lacks any provisions delineating how Zagaruyka is to perform her recruiting services, the time Zagaruyka is to devote to such services, or that Zagaruyka provide these services exclusively to HealthSmart. *See* Contract. The Court also finds that the Contract refers to payment for these services as a service fee to be paid in installments in addition to a commission based on the salary of a successful candidate rather than as wages or salary. *Id.* ¶ 4.

In determining whether an individual is an employee rather than an independent contractor, however, the Court's "inquiry is not limited by any contractual terminology or

---

[5] "[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002)). Plaintiff references, and purports to quote, a contract with HealthSmart repeatedly throughout its Complaint. The Court finds that the contract referenced by Plaintiff is clearly central to its claims and its authenticity is undisputed given Plaintiff's failure to respond to HealthSmart's Motion.

by traditional common law concepts of 'employee' or 'independent contractor.'" *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998) (internal quotation marks omitted). "Instead, the economic realities of the relationship govern, and the focal point is whether the individual is economically dependent on the business to which he renders service . . . or is, as a matter of economic fact, in business for himself." *Id.* (omission in original) (internal quotation marks omitted)). This is true for claims raised pursuant to the FLSA, Oklahoma Minimum Wage Act, and Oklahoma Protection of Labor Act. *See id.*; *Page*, 334 P.2d at 784; Okla. Admin Code § 380:30-1-2. The economic realities test applied under the FLSA turns on six factors:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 570 (10th Cir. 1994) (citing *Dole v. Snell*, 875 F.2d 802, 805 (10th Cir. 1989)).[6] "The overarching inquiry is based on the totality of the circumstances, and no single factor is dispositive." *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1235 (10th Cir. 2018).

---

[6] The definition of "independent contractor" relied on by Plaintiff mirrors the factors of the economic realities test: "an independent contractor is one who engages to perform certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work." *Page*, 334 P.2d at 784. This definition, and an eleven-factor test, is recited in the Oklahoma Administrative Code, Okla. Admin. Code § 380:30-1-2. Plaintiff fails to address or identify these factors. However, because these eleven factors are incorporated in the economic realities test of the FLSA, the Court need not address them separately.

A. Control Over Zagaruyka

With regard to the first factor—degree of control—Plaintiff alleges that "the behavioral and financial control manifested over it by [HealthSmart] demonstrate[s] that Ms. Zagaruyka was an employee rather than an independent contractor." Compl. ¶ 30. In support thereof, Plaintiff alleges: (1) HealthSmart employed supervisors and managers who had "supervisory responsibility over" Zagaruyka's work; (2) "Plaintiff was required to comply with [HealthSmart]'s instructions in terms of written and unwritten policies, procedures, and directives"; (3) HealthSmart "exert[ed] a high degree of control over Plaintiff's work"; (4) HealthSmart's "business was significantly dependent on" Plaintiff's services; (5) HealthSmart "prevented Plaintiff from providing services to others"; and (6) "Plaintiff was required to pay a portion of [HealthSmart]'s operating expenses." *Id.* ¶¶ 30, 31. Plaintiff's allegations lack any factual support and amount to no more than conclusory statements. The Court finds the facts alleged are insufficient to determine this factor in favor of Plaintiff.

B. Opportunity for Profit or Loss

The Court finds that the Contract terms referenced by Plaintiff establish that Zagaruyka had the ability to profit based on its performance in recruiting, screening, and referring appropriate candidates to HealthSmart. Contract ¶ 2. The more qualified the candidate, the greater profit Zagaruyka would earn in the form of a percentage of that candidate's salary if he or she were hired. *Id.* ¶ 4. Zagaruyka could directly affect profit by seeking out larger numbers of highly qualified job candidates for HealthSmart. Plaintiff does not allege any other payment arrangement in its Complaint. Thus, Plaintiff's earnings

were dependent on Zagaruyka's judgment or initiative in identifying the best qualified candidates for HealthSmart. This factor indicates Zagaruyka was an independent contractor rather than an employee.

    C.    <u>Investment in the Business</u>

"To analyze this factor, we compare the investments of the worker and the alleged employer." *Acosta*, 884 F.3d at 1236. "The mere fact that workers supply their own tools or equipment does not establish status as independent contractors; rather, the relevant investment is the amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself." *Id*. (internal quotation marks omitted). "In making a finding on this factor, it is appropriate to compare the worker's individual investment to the employer's investment in the overall operation." *Baker*, 137 F.3d at 1442.

The Complaint lacks any recitation of facts indicating HealthSmart provided any of Zagaruyka's supplies or equipment necessary to "source, recruit[,] and screen candidates." Contract ¶ 2. Neither the Contract nor the Complaint indicates any facts regarding Plaintiff's or HealthSmart's capital expenditures or investments in the business of recruiting candidates. The facts alleged are insufficient to find this factor in favor of Plaintiff.

    D.    <u>Permanence of the Working Relationship</u>

"'[I]ndependent contractors' often have fixed employment periods and transfer from place to place as particular work is offered to them, whereas 'employees' usually work for only one employer and such relationship is continuous and of indefinite duration." *Baker*,

11

137 F.3d at 1442 (internal quotation marks omitted). Plaintiff alleges Zagaruyka had multiple clients other than HealthSmart. Compl. ¶ 18. The Court finds that this factor weighs in favor of Zagaruyka's status as an independent contractor.

  E. <u>Degree of Skill Required to Perform Work</u>

In considering this factor, if the job requires specialized skills, "the worker is more likely to be considered an independent contractor." *Acosta*, 884 F.3d at 1237 (citing *Dole*, 875 F.2d at 811). "These specialized skills are distinct from general '"occupational skills" that "any good employee in any line of work must [have].""' *Id.* (alteration in original) (quoting *Dole*, 875 F.2d at 811). Independent contractors make independent judgments and exercise their skills in an independent manner. *Baker*, 137 F.3d at 1442. Plaintiff was contracted to "actively source, recruit and screen candidates" by "forumlat[ing] criteria for candidate selection" and utilizing specialized skills outlined the Contract. Contract ¶ 2. Plaintiff does not allege Zagaruyka's skills were general occupational skills. Thus, this factor indicates Zagaruyka was an independent contractor.

  F. <u>Integral Part of the Employer's Business</u>

This factor turns "on whether workers' services are a necessary component of the business." *Baker*, 137 F.3d at 1443. As alleged in the Complaint, HealthSmart "is the nation's largest independent administrator of health plans for self-funded employers with over 1,600 team members." Compl. ¶¶ 2, 25. Plaintiff is a sole proprietorship. *Id.* ¶¶ 1, 26. While Plaintiff alleges that HealthSmart's demands for services became greater over its contractual relationship, Plaintiff fails to state any facts describing HealthSmart's reliance on its recruiting services. The Court notes that the Contract provides for

recruitment of candidates for a single position and that Plaintiff has failed to challenge HealthSmart's assertion that this is the only written contract existing between the parties. Def.'s Mot. ¶ 5. Recruitment services for one position for a national corporation hardly renders Plaintiff an integral part of HealthSmart's business.

Although Plaintiff alleges it "had no less than fifteen (15) candidates that were at various points of consideration within [HealthSmart]'s hiring process," and was committed to providing "other services" requested by HealthSmart, Plaintiff states no facts indicating whether the fifteen candidates were related to the position subject to the Contract or other positions or what "other services" to which it was committed. Compl. ¶ 31. Further, the Contract contains no exclusivity requirement on the part of Plaintiff or HealthSmart with regard to recruiting services. HealthSmart was contractually free to recruit candidates independently of Plaintiff, and Plaintiff was free to recruit on behalf of other clients. Thus, this factor indicates Zagaruyka was an independent contractor.

G. Conclusion

Considering the totality of the circumstances alleged in the Complaint, the Court finds that Plaintiff's allegations lack sufficient specificity to establish any of the factors of the economic realities test in its favor. Therefore, Plaintiff has failed to state sufficient facts that Zagaruyka was plausibly an employee of HealthSmart under the Fair Labor Standards Act, the Oklahoma Minimum Wage Act, or the Oklahoma Protection of Labor Act. Accordingly, Plaintiff's claims for declaratory judgment[7] and for violations of FLSA,

---

[7] The Declaratory Judgment Act, 28 U.S.C. § 2201, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *See Wilton v.*

the Oklahoma Labor Protection Act, and Oklahoma Minimum Wage Act must be dismissed.

II.    *Claim of Bad Faith Breach of Contract*

Plaintiff asserts that HealthSmart acted "willful[ly] and malicious[ly], or, at the least," breached "the implied covenant of good faith and fair dealing giv[ing] rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought."  Compl. ¶ 55.  HealthSmart contends: (1) that Plaintiff states only "a series of bald, conclusory allegations" in attempting to state this claim; and (2) such a bad-faith claim does not exist in Oklahoma law outside the insurance context.  Def.'s Mot. ¶ 18.

"Under common law each contract carries an implicit and mutual covenant to act toward each other in good faith.  However, the Oklahoma Supreme Court has not recognized an action for a breach of the implied covenant of good faith and fair dealing in a commercial contract unless there was gross recklessness or wanton negligence by a

---

*Seven Falls Co.,* 515 U.S. 277, 286 (1995); *see also United States v. City of Las Cruces,* 289 F.3d 1170, 1179-80 (10th Cir. 2002).  Existence of a 'case or controversy' is a prerequisite to federal jurisdiction under both the U.S. Constitution and the Declaratory Judgment Act.  *See* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 2201.  The burden of establishing the existence of an actual case or controversy rests with the party seeking the declaration.  *Cardinal Chem. v. Morton Int'l, Inc.,* 508 U.S. 83, 95 (1967).  In order to determine whether a case or controversy exists, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  As discussed above, Plaintiff has failed to state sufficient facts to show that Zagaruyka was an employee.  Therefore, there is no "case or controversy" regarding Zagaruyka's status as an employee, and HealthSmart's Motion must be granted on this issue.

party." *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 201 (Okla. Civ. App. 2000) (citing *Beshara v. S. Nat'l Bank*, 928 P.2d 280, 288 (Okla. 1996)). Nor does Oklahoma law recognize such an action in the absence of a special relationship, as "parties should be free to contract for any lawful purpose and upon such terms as they believe to be in their mutual interest." *Rodgers v. Tecumseh Bank*, 756 P.3d 1223, 1226-27 (Okla. 1988). Thus, the Oklahoma Supreme Court has also held that "there is no implied obligation of good faith and fair dealing in reference to termination in any employment-at-will contract." *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989).

In its Complaint, Plaintiff quotes the Oklahoma Supreme Court's decision in *First National Bank & Trust Co. of Vinita v. Kissee*, 859 P.2d 502, 509 (Okla. 1996), in support of Plaintiff's contention that the "common law imposes [the] implied covenant upon all contracting parties." Compl. ¶ 52. However, the *Kissee* decision qualified its recognition of the common law by noting "that in *Ro[d]gers v. Tecumseh Bank*, [the Oklahoma Supreme Court] held that without 'gross recklessness or wanton negligence on behalf of a party' to a commercial contract, a breach of the implied covenant of good faith and fair dealing merely results in a breach of contract." *Id.* (footnote omitted) (quoting *Rodgers*, 756 P.2d at 1227). "In *Ro[d]gers,* [the Oklahoma Supreme Court] emphasized the *special relationship* between an insurer and insured which differentiates insurance contracts from commercial contracts" and found that no such special relationship existed in the contract at issue. *Id.* Indeed, "Oklahoma has, at virtually every opportunity, rejected claims seeking to create the tort of bad faith in actions outside of the insurance context." *Harris v. Chevron U.S.A., Inc.*, No. CIV-15-94-C, 2015 WL 3746989, at *3 (W.D. Okla. June 15, 2015).

Plaintiff fails to allege any facts indicating a special relationship with HealthSmart to support a finding of an implied covenant of good faith and fair dealing in the contract or that HealthSmart acted with gross recklessness or wanton negligence. Plaintiff asserts HealthSmart's "actions were intentional and calculated to impose harm" and "were willful and malicious." Compl. ¶¶ 53, 54, 55. These allegations are conclusory, speculative, and otherwise insufficient to support a claim for bad faith breach of contract. Therefore, Plaintiff's claim for bad faith breach of contract must be dismissed.

## CONCLUSION

Defendant HealthSmart Benefit Solutions Inc.,'s Motion for Judgment on the Pleadings (Doc. No. 29) is GRANTED. Judgment on these claims shall be entered at the conclusion of the litigation. Only HealthSmart's counterclaims remain at issue.

IT IS SO ORDERED this 25th day of October 2019.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge