UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZAGARUYKA & ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-697-G |
| | ) | |
| HEALTHSMART BENEFIT SOLUTIONS INC. d/b/a HEALTHSMART, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| ASHLEY ZAGARUYKA, individually and d/b/a ZAGARUYKA & ASSOCIATES, | ) ) ) ) |
| Counterclaim Defendant, | ) ) |
| v. | ) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) ) |
| Counterclaimant/ Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| CAROL PROCTOR, | ) ) |
| Third-Party Defendant. | ) |

# **ORDER**

On January 29, 2019, Defendant HealthSmart Benefit Solutions Inc. d/b/a HealthSmart ("HealthSmart") filed its First Amended Counterclaim (Doc. No. 20), raising

multiple state-law claims against Counterclaim Defendant Zagaruyka & Associates ("Z&A") and Third-Party Defendant Carol Proctor ("Proctor").  On February 4, 2020, the Court ordered that National Union Fire Insurance Company of Pittsburgh, PA ("National Union") be substituted as Counterclaimant/Third-Party Plaintiff on the First Amended Counterclaim.  *See* Order of Feb. 4, 2020 (Doc. No. 66) at 1-2.  This matter has been set for trial on the Court's August 2020 civil jury-trial docket.

Now before the Court is the Motion to Substitute Party (Doc. No. 73) filed by National Union.  No response has been filed by any party within the time allowed.

DISCUSSION

This lawsuit originated with a complaint filed by Z&A, raising claims against HealthSmart.  On October 25, 2019, the Court granted HealthSmart judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on all of Z&A's legal claims.  *See* Order of Oct. 25, 2019 (Doc. No. 35).

The First Amended Counterclaim mirrored Z&A's original complaint and identified "Zagaruyka & Associates" as the Counterclaim Defendant.  *See* First Am. Counterclaim at 1, 13, 14.  In the Motion to Substitute, National Union argues that this party name should be changed to "Ashley Zagaruyka, individually and d/b/a Zagaruyka & Associates."  Mot. to Substitute at 3-4, 11.  According to the Motion, "Z&A is not a distinct entity, but rather the trade name of Ashley Zagaruyka. . . . . When Zagaruyka entered into the contract and conducted business with HealthSmart, she did so as an individual under the trade name of Z&A."  *Id.* at 3; *see also id.* at 9 (Ashley Zagaruyka signing contract on behalf of Zagaruyka & Associates).

The Oklahoma Supreme Court has explained, "Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." *Bishop v. Wilson Quality Homes*, 986 P.2d 512, 515 (Okla. 1999). Neither Z&A nor Ms. Zagaruyka has opposed the Motion to Substitute, and the Court finds that leave to amend should be given. *See* Fed. R. Civ. P. 15(a)(2); *Bishop*, 986 P.2d at 515 ("One doing business in a trade name has fair notice that a complaint alleging a cause of action arising out of his business may lead to personal liability." (alteration and internal quotation marks omitted)); *cf. AG Equip. Co. v. IE Servs. (PVT.) Ltd.*, No. 18-CV-0375-CVE-JFJ, 2019 WL 289815, at *2 (N.D. Okla. Jan. 22, 2019) (granting leave to amend where "it [was] unclear whether the correct defendant or defendants [were] before the Court").

## CONCLUSION

The Motion to Substitute (Doc. No. 73) filed by Counterclaimant/Third-Party Plaintiff National Union Fire Insurance Company of Pittsburgh, PA, is therefore GRANTED. As reflected in the amended caption above, the First Amended Counterclaim is deemed amended to identify Counterclaim Defendant Zagaruyka & Associates as "Ashley Zagaruyka, individually and d/b/a Zagaruyka & Associates." The Clerk of Court is directed to update the docket accordingly.

IT IS SO ORDERED this 28th day of May, 2020.

_____
CHARLES B. GOODWIN
United States District Judge