UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ZAGARUYKA & ASSOCIATES,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-18-697-G** |
| | ) | |
| **HEALTHSMART BENEFIT** | ) | |
| **SOLUTIONS INC. d/b/a** | ) | |
| **HEALTHSMART,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

| | |
|---|---|
| **ZAGARUYKA & ASSOCIATES,** | ) |
| | ) |
|     **Counterclaim Defendant,** | ) |
| | ) |
| v. | ) |
| | ) |
| **NATIONAL UNION FIRE** | ) |
| **INSURANCE COMPANY OF** | ) |
| **PITTSBURGH, PA,** | ) |
| | ) |
|     **Counterclaimant/** | ) |
|     **Third-Party Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CAROL PROCTOR,** | ) |
| | ) |
|     **Third-Party Defendant.** | ) |

# ORDER

On January 29, 2019, Defendant HealthSmart Benefit Solutions Inc. d/b/a HealthSmart ("HealthSmart") filed its First Amended Counterclaim (Doc. No. 20), raising multiple claims against Plaintiff/Counterclaim Defendant Zagaruyka & Associates

("Zagaruyka") and Third-Party Defendant Carol Proctor ("Proctor"). Proctor was served with the First Amended Counterclaim on February 4, 2019. *See* Doc. No. 40.

On January 24, 2020, after HealthSmart showed that Proctor had failed to plead or otherwise defend herself in this lawsuit, the Court of Clerk entered Proctor's Default pursuant to Federal Rule of Civil Procedure 55(a). *See* Proctor Default (Doc. No. 61). On February 4, 2020, the Court ordered that National Union Fire Insurance Company of Pittsburgh, PA ("National Union") be substituted as Counterclaimant/Third-Party Plaintiff on the First Amended Counterclaim. *See* Order of Feb. 4, 2020 (Doc. No. 66) at 1-2.

National Union has now filed a Motion for Default Judgment (Doc. No. 64), along with supporting materials, seeking entry of a default judgment against Proctor. The Motion alleges that "[t]he total amount currently due to National Union is $123,786" and seeks entry of a default judgment against Proctor in that amount. Mot. Default J. at 3. No party has responded to the Motion within the time allowed.

National Union's Motion appears to be procedurally correct and complete. *See* Fed. R. Civ. P. 55(b); LCvR 55.1. National Union fails to address, however, the propriety of assessing the full amount of damages against Proctor when the same legal claims are also pending against Zagaruyka. *See* Mot. Default J. at 2 (asserting that Proctor and Zagaruyka "engaged in a scheme" to submit fraudulent invoices to HealthSmart); First Am. Countercl. at 19-30 (raising contract and tort claims against Proctor and Zagaruyka jointly as well as Zagaruyka individually); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the

complainant's favor, he will then be entitled to a final decree against all.  But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."); *Wilcox v. Raintree Inns of Am., Inc.*, No. 94-1050, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996) (noting that *Frow* should be applied to avoid inconsistent results where defendants are jointly and severally liable and where multiple defendants have closely related defenses).  Nor does National Union attempt to distinguish the damages sought against Proctor from those sought against Zagaruyka as to any specific claims.  *Cf.* Okla. Stat. tit. 23, § 15 (proscribing joint liability for "civil action[s] based on fault and not arising out of contract").

The Motion for Default Judgment (Doc. No. 64) is therefore DENIED, without prejudice to resubmission following disposition of the claims pending against Zagaruyka.

IT IS SO ORDERED this 28th day of May, 2020.

_____
CHARLES B. GOODWIN
United States District Judge