# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ZAGARUYKA & ASSOCIATES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-697-G |
| | ) | |
| **HEALTHSMART BENEFIT SOLUTIONS INC. d/b/a HEALTHSMART,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| **ZAGARUYKA & ASSOCIATES,** | ) |
| | ) |
| Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,** | ) ) ) |
| | ) |
| Counterclaimant/ Third-Party Plaintiff, | ) ) |
| | ) |
| v. | ) |
| | ) |
| **CAROL PROCTOR,** | ) |
| | ) |
| Third-Party Defendant. | ) |

# **ORDER**

On January 29, 2019, Defendant HealthSmart Benefit Solutions Inc. d/b/a HealthSmart ("HealthSmart") filed its First Amended Counterclaim (Doc. No. 20), raising multiple claims against Plaintiff/Counterclaim Defendant Zagaruyka & Associates

("Zagaruyka") and Third-Party Defendant Carol Proctor ("Proctor"). On February 4, 2020, the Court ordered that National Union Fire Insurance Company of Pittsburgh, PA ("National Union") be substituted as Counterclaimant/Third-Party Plaintiff on the First Amended Counterclaim. *See* Order of Feb. 4, 2020 (Doc. No. 66) at 1-2. This matter has been set for trial on the Court's August 2020 civil jury-trial docket.

Now before the Court is the Motion in Limine (Doc. No. 60) filed by HealthSmart (now National Union). No response has been filed by any party within the time allowed.

### A. *Zagaruyka's Affirmative Claims*

This lawsuit originated with a complaint filed by Zagaruyka, raising claims against HealthSmart. On October 25, 2019, the Court granted HealthSmart judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on all of Zagaruyka's legal claims. *See* Order of Oct. 25, 2019 (Doc. No. 35).

The Motion in Limine first requests that presentation of evidence or testimony regarding Zagaruyka's initial affirmative claims, including argument that HealthSmart owes payment to Zagaruyka, be barred as irrelevant and improper due to the prior disposition of those claims. *See* Mot. in Limine at 6. Zagaruyka has not opposed this request, and so it is GRANTED. Absent a showing of relevance to the issues to be tried arising from the First Amended Counterclaim, no party shall be permitted to argue or present evidence regarding Zagaruyka's prior claims against HealthSmart.

### B. *Setoff Defense*

The Motion in Limine argues that Zagaruyka should be prohibited from presenting a setoff defense at trial. *See id.* at 7. As Zagaruyka failed to plead any such defense in its

Answer, the Court agrees and this request is GRANTED.  *See* Zagaruyka Answer (Doc. No. 23) at 12-16; *Glover v. Johnson*, No. CIV-14-936-F, 2016 WL 5854282, at *1-2 (W.D. Okla. Oct. 6, 2016) ("Courts have concluded that setoff is an affirmative defense which must be pleaded or it is waived.").  Zagaruyka may not present evidence or testimony for the purpose of arguing that it is entitled to a setoff of damages.

C. *Proctor's Allegations*

The Motion argues that any evidence or testimony regarding Proctor's allegations of racial discrimination and wrongful termination against HealthSmart would be irrelevant, unduly prejudicial, and confusing, given that the only pending claims have to do with the propriety of invoices submitted by HealthSmart.  *See* Mot. in Limine at 7-8.  This request is unopposed and is GRANTED.

D. *Expert Testimony*

Finally, the Motion requests that Zagaruyka be precluded from presenting any expert testimony "because no experts have [been] designated in this matter and no expert reports were served."  *Id.* at 2, 5, 8-9.  More specifically, the Motion states:

> It is anticipated Ashley Zagaruyka may seek to testify regarding her opinions about "general," "usual," customary" or "typical" customs, fee rates, recruitment tactics or similar used in the employee recruitment industry. Such testimony, however, would address topics that are "beyond the realm of common experience and which require the special skill and knowledge" of an expert.  [*James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011).]  As a lay witness, Ms. Zagaruyka should be prohibited from offering such opinions.

*Id.* at 8-9.

Because Zagaruyka has not disclosed any intent to present an expert, no expert testimony on its behalf shall be allowed.  *See* Fed. R. Civ. P. 26(a)(2).  The Motion is therefore GRANTED to the extent it seeks to preclude testimony of industry standards that lies outside of the scope of Federal Rule of Evidence 701.  Given that Ms. Zagaruyka may have "opinions and inferences" regarding the employment-recruitment industry that "do not require any specialized knowledge," however, the Court will not entirely bar Ms. Zagaruyka from testifying as to the practices of this industry.  *James River*, 658 F.3d at 1214 (internal quotation marks omitted).  Rather, the Court will consider specific objections as they arise and determine any challenge under Rule 701 as necessary.

## CONCLUSION

Accordingly, the Motion in Limine (Doc. No. 60) is GRANTED as outlined above.

IT IS SO ORDERED this 28th day of May, 2020.

_____
CHARLES B. GOODWIN
United States District Judge