# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAGARUYKA & ASSOCIATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-697-G |
| ) | |
| HEALTHSMART BENEFIT ) | |
| SOLUTIONS INC. d/b/a ) | |
| HEALTHSMART, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| NATIONAL UNION FIRE ) | |
| INSURANCE COMPANY OF ) | |
| PITTSBURGH, PA, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| ASHLEY ZAGARUYKA, ) | |
| individually and d/b/a ) | |
| ZAGARUYKA & ASSOCIATES, ) | |
| ) | |
| Counterclaim Defendant; ) | |
| ) | |
| and ) | |
| ) | |
| CAROL PROCTOR, ) | |
| ) | |
| Counterclaim Defendant. ) | |

## ORDER

On June 25, 2020, a hearing was held by the Court regarding the possible imposition of sanctions due to Plaintiff Zagaruyka & Associates' repeated failure to file a disclosure statement in contravention of the Court's orders and applicable rules. *See* Doc. No. 82.

Upon consideration of counsel's argument, and having reviewed the case record, the Court rules as set forth herein.

I. *Entity Disclosure Statement and the Court's Order to Show Cause*

   A. *Background*

Federal Rule of Civil Procedure 7.1 requires any "nongovernmental corporate party" to file a disclosure statement as prescribed by that Rule "with its first appearance, pleading, petition, motion, response, or other request addressed to the court," and to file a supplemental statement if any required information changes. Fed. R. Civ. P. 7.1(a), (b). In addition, this Court's Local Civil Rules require that any party formed as a limited liability company or partnership file a similar disclosure statement "concurrently with its first filing in the case." LCvR 7.1.1.

The plaintiff in this matter, Zagaruyka & Associates ("Z&A"), identified itself as a "recruiting firm owned and operated by Ashley Zagaruyka." Pet. ¶ 1 (Doc. No. 1-2). Following removal of the case to this Court, attorney Jacque Pearsall entered an appearance as counsel for Z&A on October 30, 2018, *see* Doc. No. 12, and Z&A's first responsive pleading was filed that same date, *see* Doc. No. 13. As of February 4, 2020, however, the docket reflected that Z&A had not filed an entity disclosure statement. Accordingly, the Court ordered Z&A to file its disclosure statement "as prescribed by Federal Rule of Civil Procedure and/or Local Civil Rule 7.1.1" within seven days of that date. *See* Order of Feb. 4, 2020 (Doc. No. 66) at 2. No disclosure statement or other relevant filing was submitted by Z&A.

On April 30, 2020, the Court directed Z&A "to SHOW CAUSE in writing, within seven days of the filing of this order, why [it] should not be sanctioned for failing to comply with Federal Rule of Civil Procedure 7.1(b)(1), Local Civil Rule 7.1.1, and this Court's Order of February 4, 2020." Order of Apr. 30, 2020 (Doc. No. 77) at 3. Again, Z&A failed to respond to the Court's Order or request an extension of time to do so.

### B. The June 25, 2020 Hearing

The Court set the matter for a hearing on June 25, 2020, and instructed that Z&A's counsel, "as well as a representative for [Z&A]," "shall appear in person." Order of May 28, 2020 (Doc. No. 82) at 2. At no time did Z&A request relief from this Order or otherwise indicate that it would not comply with the Court's express directive.

When the duly scheduled hearing commenced, Ms. Pearsall was present; however, no representative for Z&A was in attendance. When questioned as to why Z&A had failed to comply with the Court's order to appear, Ms. Pearsall stated to the Court that she had been unable to communicate with her client. When questioned about the failure to file a disclosure statement, as well as the failure to respond to the Court's express order to do so and to show cause, Ms. Pearsall answered that she believed that she had complied with the Court's order because she submitted a letter to opposing counsel in 2019 that included Z&A's initial discovery disclosures under Federal Rule of Civil Procedure 26.

## II. Discussion

### A. Zagaruyka & Associates' Failure to Appear

Although Z&A's affirmative claims have been dismissed, judgment has not been entered on those claims, and Z&A remains a party to this lawsuit. The Court's Order

expressly required a representative from Z&A to appear at the hearing, and that Order was not complied with.

At the hearing, Ms. Pearsall stated that she had left messages for Ashley Zagaruyka regarding the Order but indicated that they had not directly communicated. In addition, the Court as of yet has not directed a proceeding to specifically address Z&A's failure to appear on June 25, 2020, and the possibility of sanctions thereon. Accordingly, the Court shall refrain from sanctioning Z&A herein but is not foreclosed from doing so at a later date.

### *B. Counsel's Failure to Comply with Court Orders and Applicable Rules*

As announced at the hearing, the Court finds that there was no justification for Ms. Pearsall's willful failure to comply with the directives of the Rules and of this Court and that sanctions are warranted. Ms. Pearsall disregarded the express order of the Court and failed to comply with applicable rules of civil procedure. When directed to show cause why sanctions should not be issued, Ms. Pearsall ignored that order as well. Then, at the hearing, Ms. Pearsall explained that she has been attempting unsuccessfully to reach her client regarding this lawsuit.

While a communications breakdown could conceivably prevent Ms. Pearsall from providing the substantive information required for a disclosure statement (though there was no specific argument to that effect), there was no explanation offered as to why such a breakdown prevented Ms. Pearsall from responding to the Court's Orders in any way or from seeking additional time to do so. Nor did Ms. Pearsall seek to withdraw from

representation or otherwise inform the Court of any issues at any time prior to the June 25, 2020 hearing.

When questioned at the hearing, Ms. Pearsall stated that she believed the transmission of unrelated discovery correspondence—submitted last year to opposing counsel and never filed with the Court—fulfilled the obligation to file a disclosure statement.  Aside from the fact that this excuse was not raised previously (despite orders directing a response), Ms. Pearsall confuses the requirement under Rule 7.1 and Local Civil Rule 7.1.1 that an entity disclose its ownership with the requirement under Rule 26(a)(1) that every party make certain initial discovery disclosures.  That confusion is unacceptable in light of the requirement that an attorney be familiar with the Court's rules and, moreover, the fact that the Court's orders cited and quoted from Rule 7.1 and Local Civil Rule 7.1.1.

### 1. The Court's Inherent Authority

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotation marks omitted).  "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks omitted); *see also Hutchinson v. Hahn*, No. 05-CV-453-TCK(PJC), 2007 WL 2572224, at *5 (N.D. Okla. Sept. 4, 2007) ("This Court has the inherent power to impose sanctions that are necessary to control and supervise its own

proceedings, promote judicial efficiency, deter frivolous filings, and respond to abusive litigation practices.").

Courts are required to exercise their inherent powers "with restraint and discretion." *Chambers*, 501 U.S. at 44. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. The appropriate sanction generally "should be the least severe sanction adequate to deter and punish" the offending party. *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990) (discussing Rule 11 sanctions); *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015).

2. *Application of Sanctions to Attorney Pearsall*

As described above, Ms. Pearsall was provided both notice and a meaningful opportunity to be heard on this matter. *See* Order of Feb. 4, 2020, at 2; Order of Apr. 30, 2020, at 2-3; Order of May 28, 2020, at 2. Further, Ms. Pearsall's discovery-disclosure explanation reflects, at a minimum, a failure to carefully review the Court's written orders and the Rules cited therein. The Court cannot find that Ms. Pearsall made a good-faith effort to comply with the Court's orders and the applicable rules.

To gain admission to this Court, Ms. Pearsall was required to represent that she was thoroughly familiar with the Court's Local Rules and the Federal Rules of Civil Procedure. Ms. Pearsall's conduct in this case does not support this representation. And though "some might see" a failure to file a disclosure statement "as a minor matter," the continued failures regarding the statement and the show-cause order "entail[] the willful disregard of several of the Court's orders." *Jacovetti Law, P.C. v. Shelton*, No. 2:20-cv-00163-JDW, 2020 WL

6

1491320, at *5 (E.D. Pa. Mar. 27, 2020); *see also id.* at *2-3, *5-7 (imposing sanctions upon attorney for conduct that included a failure to file a disclosure statement and a failure to timely respond to the resulting order to show cause). The Court recognizes, however, that there is no evidence of any pattern of misconduct and no indication that counsel's actions have resulted in significant delay or expense to other parties or the Court.

## CONCLUSION

As outlined above, sanctions shall not be assessed against Plaintiff Zagaruyka & Associates at this time.

Pursuant to this Court's inherent powers, and for good cause shown, Jacque Pearsall, Esq., is SANCTIONED as follows:

> In light of Ms. Pearsall's unjustified failure to comply with this Court's orders and applicable rules, Ms. Pearsall is FORMALLY REPRIMANDED;

> Within 30 days of the date of this Order, Ms. Pearsall SHALL pay $500 to the Court Clerk for the United States District Court for the Western District of Oklahoma, to be designated for inclusion with the locally-administered, non-appropriated fund maintained by the court from attorney admissions fees; and

> Within 90 days of the date of this Order, Ms. Pearsall SHALL submit to Judge Goodwin a certification that she has completed six or more hours of continuing legal education programming, approved by the Oklahoma Bar Association, in the subject areas of legal ethics or federal civil litigation.

IT IS SO ORDERED this 10th day of August, 2020.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge