UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAGARUYKA & ASSOCIATES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHSMART BENEFIT )<br>SOLUTIONS INC. d/b/a )<br>HEALTHSMART, )<br>)<br>Defendant. ) | Case No. CIV-18-697-G |

NATIONAL UNION FIRE )
INSURANCE COMPANY OF )
PITTSBURGH, PA, )
 )
 Counterclaimant, )
 )
v. )
 )
ASHLEY ZAGARUYKA, )
individually and d/b/a )
ZAGARUYKA & ASSOCIATES, )
 )
 Counterclaim Defendant; )
 )
and )
 )
CAROL PROCTOR, )
 )
 Counterclaim Defendant. )

**ORDER**

On June 2, 2020, Counterclaim Defendant Ashley Zagaruyka, individually and d/b/a Zagaruyka & Associates, filed a Motion for Sanctions (Doc. No. 86). Counterclaimant National Union Fire Insurance Company of Pittsburgh, PA, has responded (Doc. No. 88),

and a Reply also was filed (Doc. No. 90). Argument on the Motion was heard in open court on June 25, 2020.

Included within the Motion was a challenge to the Court's subject-matter jurisdiction over this matter. *See* Mot. at 11. While not an appropriate basis upon which to seek sanctions, "[c]hallenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment." *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004); *see also* Fed. R. Civ. P. 12(h). Accordingly, the Court addresses the issue herein.

I. Background

This civil lawsuit was initially filed in state court by Zagaruyka & Associates ("Z&A"), raising claims against HealthSmart Benefit Solutions Inc. d/b/a HealthSmart ("HealthSmart"). *See* Pet. (Doc. No. 1-2). HealthSmart then removed the matter to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal (Doc. No. 1) at 1, 3; *see also* 28 U.S.C. § 1332(a)(1) (providing that the federal district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the matter is between "citizens of different States"). There is no dispute that at the time of removal, complete diversity existed between the plaintiff Z&A, who is a citizen of Oklahoma for diversity-jurisdiction purposes, and the defendant HealthSmart, who is a citizen of Texas and Illinois for diversity-jurisdiction purposes. *See* Pet. ¶¶ 1, 4; Notice of Removal at 3; *Siloam Springs Hotel v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015); 28 U.S.C. § 1332(c)(1). Z&A's claims against HealthSmart were dismissed in their entirety on October 25, 2019, with judgment to be entered at the conclusion of this litigation. *See* Order of Oct. 25, 2019 (Doc. No. 35).

Soon after removal, the Court granted HealthSmart's unopposed request to amend its initial responsive pleading in order to assert an amended counterclaim (the "Counterclaim") against both Z&A and Carol Proctor, who is alleged to be a citizen of Texas. *See* Order of Jan. 22, 2019 (Doc. No. 19) (citing Fed. R. Civ. P. 13(h), 20). HealthSmart's Amended Answer and Counterclaim (Doc. No. 20) was filed on January 29, 2019. Z&A filed its answer to the Counterclaim on February 18, 2019. *See* Doc. No. 23; Fed. R. Civ. P. 15(a)(3).[1]

On February 4, 2020, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), a citizen of Pennsylvania and New York, was ordered to be substituted as the counterclaimant on the Counterclaim against Z&A and Proctor. *See* Resp. (Doc. No. 88) at 5; Order of Feb. 4, 2020 (Doc. No. 66). On May 28, 2020, the Court ordered that "Ashley Zagaruyka, individually and d/b/a Zagaruyka & Associates" be substituted for Z&A as the counterclaim defendant on National Union's Counterclaim. *See* Order of May 28, 2020 (Doc. No. 83).

II. Discussion

Counterclaim Defendant Ashley Zagaruyka objects that HealthSmart, as a citizen of Texas, "destroyed" the diversity of citizenship upon which the Court's subject-matter jurisdiction was based by pleading a counterclaim against Carol Proctor, who also is a citizen of Texas. Mot. at 11; *see also* Reply at 4-8.

---

[1] After Ms. Proctor failed to plead or otherwise defend against the counterclaim, her default was entered on January 24, 2020. *See* Doc. No. 61.

As outlined in the Court's Order allowing HealthSmart to amend its initial counterclaim, Ms. Proctor was joined as a counterclaim defendant pursuant to Federal Rules of Civil Procedure 13 and 20. Specifically, the Court considered the addition of Ms. Proctor as a party to the counterclaim under Rule 13(h) and found permissive joinder of Ms. Proctor for this purpose was proper under Rule 20(a)(2). *See* Order of Jan. 22, 2019, at 2 n.2.

As referenced in that Order, the Court is authorized under 28 U.S.C. § 1367(a) to exercise supplemental jurisdiction "over all other claims that are so related to" to the original diversity claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Such supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties." *Id.* The Counterclaim alleged by National Union satisfies this standard and, so, that statute authorizes the Court's exercise of supplemental jurisdiction over the Counterclaim. *See* Order of Jan. 22, 2019, at 1 n.1; Pet. ¶¶ 10-34; Am. Answer & Countercl. (Doc. No. 20) at 13-31.

Further, the Court's exercise of supplemental jurisdiction under § 1367(a) did not destroy the Court's subject-matter jurisdiction over this action, despite any lack of diversity between HealthSmart (the original counterclaimant) and Ms. Proctor (an additional counterclaim defendant joined pursuant to Rules 13(h) and 20(a)(2)). *See* Order of Jan. 22, 2019, at 1 n.1; 28 U.S.C. § 1367(b) (prescribing the exceptions to exercise of supplemental jurisdiction in diversity actions, none of which apply here); *Bd. of Cty. Comm'rs of Cty. of Marshall v. Cont'l W. Ins. Co.*, No. 01-2183-CM, 2002 WL 73394, at *4-5 (D. Kan. Jan.

4

2, 2002); *cf. Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (finding that the exercise of supplemental jurisdiction over the claims of a nondiverse party did not destroy jurisdiction even though "the federal court would not have had diversity jurisdiction" if the intervening party "had been a named defendant when suit was brought").

## CONCLUSION

Accordingly, the Court DENIES the Motion for Sanctions (Doc. No. 86) insofar as the Motion seeks relief due to a lack of subject-matter jurisdiction. The remainder of the Motion for Sanctions will be addressed by separate order.

IT IS SO ORDERED this 10th day of August, 2020.

*[signature]*
CHARLES B. GOODWIN
United States District Judge