UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ZAGARUYKA & ASSOCIATES,** )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>**HEALTHSMART BENEFIT** )<br>**SOLUTIONS INC. d/b/a** )<br>**HEALTHSMART,** )<br>)<br>  Defendant. ) | Case No. CIV-18-697-G |

| |
|---|
| **NATIONAL UNION FIRE** )<br>**INSURANCE COMPANY OF** )<br>**PITTSBURGH, PA,** )<br>)<br>  Counterclaimant, )<br>)<br>v. )<br>)<br>**ASHLEY ZAGARUYKA,** )<br>individually and d/b/a )<br>**ZAGARUYKA & ASSOCIATES,** )<br>)<br>  Counterclaim Defendant; )<br>)<br>and )<br>)<br>**CAROL PROCTOR,** )<br>)<br>  Counterclaim Defendant. ) |

## **ORDER**

On October 6, 2020, the Court held docket call for this matter, which was set for trial on the Court's October 2020 jury-trial docket on the counterclaims raised by Counterclaimant National Union Fire Insurance Company of Pittsburgh, PA ("National

Union") and currently pending against Counterclaim Defendant Ashley Zagaruyka. On this same date the Court conducted a hearing addressing Ms. Zagaruyka's failure to comply with the Court's orders and the possible imposition of sanctions thereon. All parties were advised of these proceedings through written orders of the Court. *See* Doc. Nos. 105, 113. National Union attended telephonically through counsel. No other parties appeared in person or by telephone.

Having considered the relevant record and arguments, the Court finds and concludes as follows:

1. The procedural history of the case, as set forth in the case docket and various filings, may be summarized in relevant part as follows. National Union filed a Motion for Default (Doc. No. 107), seeking entry of default against Ms. Zagaruyka pursuant to Federal Rule of Civil Procedure 55(a). The Court set the matter for docket call on September 1, 2020. Ms. Zagaruyka personally appeared (her original counsel having been permitted to withdraw). Ms. Zagaruyka was advised by the Court at that hearing and through written order that she must, no later than September 11, 2020, "either procure new counsel or file an entry of appearance notifying the Court that she is representing herself pro se." Order of Sept. 1, 2020 (Doc. No. 104) at 2. Ms. Zagaruyka also was advised that she was able (and obligated) to obtain the case docket and filings through the Court Clerk's Office.[1]

---

[1] In addition, National Union's counsel represented to the Court that he has been sending Ms. Zagaryuka orders and additional correspondence regarding this lawsuit through both postal mail and e-mail, with no indication that they were not received.

2

Ms. Zagaruyka failed to procure new counsel, enter a pro se appearance, or update her contact information with the Court by the stated deadline. The Court issued an Order to Show Cause (Doc. No. 108), directing Ms. Zagaruyka to show cause in writing for her failure to comply. Ms. Zagaruyka again failed to file any written submission or otherwise contact the Court. The Court set the matter for docket call on October 6, 2020, and further set a hearing on that same date as to whether Ms. Zagaruyka should be sanctioned for failing to comply with the Court's prior orders. Ms. Zagaruyka failed to attend and has since provided no explanation for her actions.

Despite numerous opportunities and specific instruction, Ms. Zagaruyka has entirely failed to defend herself in this lawsuit since September 1, 2020. Most significantly, she failed to appear at the October 6, 2020 docket call and thus failed to evince readiness to go to trial on the scheduled docket of October 13, 2020. Therefore, as found at the hearing of October 6, 2020, Ms. Zagaruyka "has failed to . . . otherwise defend" herself against National Union's counterclaims, that failure has been "shown by affidavit or otherwise," and Ms. Zagaruyka is in default. Fed. R. Civ. P. 55(a); *see GreenTree Transp. Co. v. Speedy Heavy Hauling, Inc.*, No. 10-cv-02657-JLK-KLM, 2011 WL 5834746, at *6 (D. Colo. Sept. 19, 2011) (R. & R.) (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912 (3d Cir. 1992)), *adopted in relevant part*, 2011 WL 5834714 (D. Colo. Nov. 17, 2011).

2. The Motion for Default (Doc. No. 107) is GRANTED. The Clerk of Court is directed to enter default against Counterclaim Defendant Ashley Zagaruyka, individually and d/b/a Zagaruyka & Associates, on the relevant counterclaims.

3

3. This matter is STRICKEN from the Court's trial docket.

4. In light of the decision to grant default, the Court declines to issue sanctions based upon Ms. Zagaruyka's failure to comply with the Court's orders.[2]

5. With respect to National Union's request for entry of default judgment against Ms. Zagaruyka and against Counterclaim Defendant Carol Proctor,[3] a hearing is required to determine damages. *See* Fed. R. Civ. P. 55(b)(2). Accordingly, the Court ORDERS that this matter shall be set for hearing on **Thusday, June 10, 2021, at 01:00 p.m.** in Courtroom 305. Counsel may attend through a video or telephonic conferencing system by contacting Jacob Buckle at goodwin-orders@okwd.uscourts.gov.

6. National Union shall file, no later than three days prior to the hearing, a written motion for default judgment that addresses its damages request in detail, including the apportionment and liability issues discussed in the Court's Order of May 28, 2020. *See* Doc. No. 84. Any exhibits to be presented at the hearing should be submitted with this motion.

7. National Union's Motion to Clarify (Doc. No. 115) is DENIED AS MOOT.

---

[2] Were Ms. Zagaruyka not in default, she would be subject to sanctions—likely including the entry of judgment for National Union on its counterclaims—based upon Ms. Zagaruyka's repeated violations of the Court's orders and of applicable rules.

[3] A default was entered against Ms. Proctor on the counterclaims on January 24, 2020. *See* Doc. No. 61.

IT IS SO ORDERED this 1st day of June, 2021.

                                                                                              */s/ Charles B. Goodwin*
                                                                                               CHARLES B. GOODWIN
                                                                                               United States District Judge